# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLORIA O'HERN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. <u>CIV-11-950-M</u> |
| | ) | |
| (1) SIMON PROPERTY GROUP, INC.; | ) | |
| (2) SIMON PROPERTY GROUP, LP; | ) | |
| (3) SIMON PROPERTIES LIMITITED | ) | |
| PARTNERSHIP; | ) | |
| (4) SIMON BUSINESS NETWORK, LLC; | ) | |
| (5) SIMON PROPERTY GROUP, INC. dba | ) | |
| PENN SQUARE MALL; | ) | |
| (6) PENN SQUARE MALL; | ) | |
| (7) PENN SQUARE MALL ASSOCIATES, | ) | |
| INC.; | ) | |
| (8) PENN SQUARE MALL LIMITED | ) | |
| PARTNERSHIP; | ) | |
| (9)PENN SQUARE, INC.; | ) | |
| (10) PENN SQUARE, LLC; | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant, Simon Property Group, Inc. ("SPG, Inc."), by and through its undersigned attorney, pursuant to 28 U.S.C. § 1332, 1441 and 1446, hereby removes this action with full reservation of all defenses, gives notice of the removal of this action from the District Court of Oklahoma County, Oklahoma to the United States District Court for the Western District of Oklahoma, and respectfully states as grounds for said removal:

1.      Plaintiff, Gloria O'Hern, commenced this case styled *O'Hern v. Simon Property Group, Inc., et al.*, by filing a petition on July 12, 2011, in the District Court for

Oklahoma County, Oklahoma civil action number CJ-2011-4763 on the docket of that Court.

2.      Attached hereto and marked as Exhibits 1 and 2, respectively, is a true and correct copy of the petition and return of service, filed in the District Court for Oklahoma County.  A copy of the docket sheet is attached hereto as Exhibit 3.  Said documents constitute all pleadings filed in said civil action designated as CJ-2011-4763 in the District Court of Oklahoma County, Oklahoma.

3.      Oklahoma County is within the Western District of Oklahoma.  28 U.S.C. § 116(a).

4.      Jurisdiction of this action is based upon 28 U.S.C. §§ 1332, 1441 and 1446.

5.      SPG, Inc. has not yet filed an answer or responsive pleading in the State Court Action.  In filing this Notice of Removal, SPG, Inc. does not waive any defense or counterclaim that may be available.

6.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty (30) days of SPG, Inc.'s receipt of the petition on August 4, 2011.

7.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441because Plaintiff has asserted cause of action seeking damages in excess of the amount required for diversity jurisdiction (Ex. 1 at page 2) and because complete diversity of citizenship exists between Plaintiff and all of the legally existing named defendants.

8.     Plaintiff is a resident of Chamberlain, South Dakota.  (Ex. 1, Petition at ¶ 1) She alleges she was injured at Penn Square Mall here in Oklahoma City and is suing to recover for those injuries.

9.     Although O'Hern has correctly identified the entity that owns Penn Square Mall as a defendant, Penn Square Mall Limited Partnership, she nonetheless sued nine other "entities" as Defendants in the case. (Ex. 1, Petition at pp. 1-2).  Although she has purported to sue ten different entities, she has issued and served only summons on only a single defendant, SPG, Inc.  (Exhibit 3)

9.     Four of the ten "entities" are lawfully created entities and bear some relationship, however tenuous, to the mall named Penn Square Mall at the corner of Pennsylvania Avenue and the Northwest Expressway in Oklahoma City. Although SPG, Inc. does not agree that it or the other three entities are proper parties to this case, all four, (SPG, Inc., Simon Property Group, LP, Simon Business Network, LLC and Penn Square Mall Limited Partnerships) are legal entities domiciled and maintaining their principal places of business in states other than South Dakota. (Exhibit 4, Affidavit, at ¶¶ 3-4). Thus, they are diverse to Plaintiff.

10.     The fifth named defendant is "Simon Property Group, Inc. d/b/a Penn Square Mall."  There is no meaningful distinction between suing SPG, Inc. and suing SPG, Inc. alleging it does business as Penn Square Mall. Although, SPG, Inc. has an ownership interest in the mall, via a wholly owned subsidiary that is a general partner in the partnership that owns the mall, it does not own the mall itself nor does it "do business as" Penn Square Mall.  (See Corporate Disclosure Statement of SPG, Inc. filed

simultaneously herewith).   Regardless, SPG, Inc. has been properly served and has appeared in the matter.  Again, South Dakota is neither SPG, Inc.'s state of domicile nor its principal place of business.

11.    The sixth entity named a defendant is simply "Penn Square Mall" and Plaintiff alleges it is a corporation doing business in Oklahoma. (Ex. 1, Petition at ¶ 7) However, no such corporation exists and is registered to do business in Oklahoma. (Exhibit 5)[1]  Moreover, no such entity is known to exist as it relates to either SPG, Inc. or to the ownership or operation of Penn Square Mall in Oklahoma City.  (Exhibit 4 at ¶ 6)

12.    "Simon Properties Limited Partnership" identified in the caption only of the petition in *O'Hern v. Simon Property Group, et al.,* Oklahoma County case number CJ-2011-4763 as the third listed defendant, although there are no substantive allegations against it in the body of the petition itself.  "Simon Properties Limited Partnership" is completely unknown and certainly is unrelated to either the ownership or operations of Penn Square Mall located in Oklahoma City, Oklahoma.   (Exhibit 4 at ¶ 7)   The Oklahoma Secretary of State's records confirm this entity was a <u>domestic</u> limited partnership created in 1985 but now cancelled.  It was created by one Richard Simon in Edmond, Oklahoma.   Moreover, Simon Properties Limited Partnership is not even

---

[1] Again, it is not clear why all of the entities have been named in this case. Counsel for SPG, Inc. has retrieved the corporate information related to the unaffiliated defendants from the Oklahoma Secretary of State's on line records database.   Also provided is online information from the state of South Dakota, confirming that the unaffilliated entities are also not doing business in South Dakota. (Exhibit 5 hereto) SPG, Inc. requests the Court take judicial notice of the public information from both Oklahoma and South Dakota as it relates to establishing the domiciles and places of business of the various entities sued by O'Hern.

registered to business in South Dakota, and thus does not maintain its principal place of business in that state. (Exhibit 5)  As made clear by Exhibit 4, this entity is not related in any way to Penn Square Mall.  Regardless, because it is a domestic partnership and does not maintain its principal place of business in South Dakota, its presence as a defendant does not destroy diversity because O'Hern is a South Dakota resident.

13.    The entities "Penn Square Mall Associates, Inc.," "Penn Square Inc." and "Penn Square LLC" identified in paragraphs 8 and 10-11 of the petition in *O'Hern v. Simon Property Group, et al.,* Oklahoma County case number CJ-2011-4763, are also unrelated to Penn Square Mall.  (Exhibit 4)   Even so, according to the Oklahoma Secretary of State, "Penn Square Mall Associates, Inc." is an Illinois corporation created in 1987 and is inactive.   Both "Penn Square, Inc." and "Penn Square, LLC" are domiciled here in Oklahoma.  Neither are registered to do business in any capacity in South Dakota and therefore do not maintain their principal places of business in that state.  Thus, each of each of these entities is also completely diverse to O'Hern, a South Dakota resident.  (Exhibit 5)

14.    Thus all ten of the "entities" named as defendants, regardless of whether they are proper parties and regardless of whether they have been served, are completely diverse to Plaintiff.

15.    Pursuant to Rules 38 and 81 of the Federal Rules of Civil Procedure, SPG, Inc., requests a trial by jury of all matters and claims in the petition to which it may be entitled.

10.    A copy of this Notice of Removal is being filed with the Clerk of the District Court of Oklahoma County, Oklahoma, and written notice of the same shall be given to Mark S. Stanley, attorney for Plaintiff in this action.

WHEREFORE, Defendant, Simon Property Group, Inc. hereby removes this case from the District Court of Oklahoma County, Oklahoma, to this United States District Court for the Western District of Oklahoma.

Respectfully submitted,

**KATHRYN D. TERRY, OBA # 17151**
**THOMAS G. WOLFE, OBA # 11576**
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 North Robinson
Oklahoma City, OK    73102
Telephone:    (405) 235-4100
Facsimile:    (405) 235-4133
kdterry@phillipsmurrah.com
tgwolfe@phillipsmurrah.com
*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing was served via regular mail on this 23[th] day of August, 2011, postage prepaid, to:

Mark S. Stanley, OBA # 11528
1516 South Boston Avenue, Suite 116
Tulsa, Oklahoma 74119
Telephone: 918-584-2450
Fax: 918-584-2430
***ATTORNEY FOR PLAINTIFF***

The undersigned is unaware of whether is registered with the Court's ECF system.